## Smith Estate

*H. Clay Burkholder*, for appellant.
*Harold E. Martin*, for Commonwealth.

BOWMAN, P. J., February 8, 1951.—Ann Hunter Smith, also known as Anna H. Smith, died September 7, 1950. On October 30, 1950, an appraisement for transfer inheritance tax was filed in the estate in which 396 shares of the stock of Standard Steel Spring Company, transferred on June 3, 1950, by decedent

to herself and her sister, Lucy B. Hunter, appellant, as joint tenants with the right of survivorship, were appraised at $9,355.50. From the appraisement as filed Lucy B. Hunter appealed to this court on December 4, 1950. She contends that the transfer was not effectuated in contemplation of death and that consequently only a one-half interest in the stock should have been appraised. The total appraisement is in the amount of $18,614.21, all of which is personalty.

The Transfer Inheritance Act of June 20, 1919, P. L. 521, as amended (72 PS §2301) provides, inter alia:

"A tax shall be . . . imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases: . . .

"(c) When the transfer is of property made by a resident . . . by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death.

"If such transfer is made within one year prior to the death of the grantor, vendor, or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause."

Decedent was 71 years of age at the time of her decease. At the hearing Dr. H. E. Roberts, who was her physician, testified that he first saw decedent on July 17, 1950, when she called at his office for the treatment of a skin irritation which she attributed to ant bites sustained approximately two weeks prior to her call. He stated that the irritation was not characteristic of any particular disease, that her blood

pressure, heart and color were good, and to a casual observer she was perfectly normal and energetic. Her weight was normal and the only "positive physical things" that her physician found were the rash and an enlarged lump in the left groin. She did not complain of pain. He found no evidence of injury or bruise. The cause of her death was cancer.

Appellant and Hector Smith, decedent's surviving husband, testified that decedent's health had always been good, that she had been active in performing housework, that she had planned to do considerable landscaping around the family property in the spring of 1951, and that at no time did she reveal any apprehension of death.

The testimony discloses that decedent took care of family investments and a portion of appellant's funds were involved in the original purchase of the stock. There is evidence that the transfer on June 3, 1950, was prompted by decedent's desire to reinvest her sister with a direct interest in the funds which the sister helped to accumulate.

The evidence in this case does not disclose a condition consistent with a contemplation of death by decedent. She enjoyed numerous activities. She planned enthusiastically for the future. There is no evidence of knowledge of an impending fatal illness. It is the opinion of this court that the presumption that the transfer was made in contemplation of death has been overcome.

It is ordered, adjudged and decreed by this court that the appeal be sustained and the appraisement to the extent that it appraises more than a one-half interest in the 396 shares of stock of Standard Steel Spring Company is set aside, and the taxable value thereof is hereby fixed at $4,677.75. Costs to be paid by appellant.